UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CODY W. PHELPS,

          Plaintiff,

    v.                                 CAUSE NO.: 3:19-CV-643-RLM-MGG

RON NEAL, et al.,

          Defendants.

OPINION AND ORDER

Cody W. Phelps, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Phelps alleges that he has been subjected to housing conditions infested with mice in D cell house at the Indiana State Prison since 2017. On June 9, 2018, a mouse bit Mr. Phelps as he laid in bed. On June 13, Nurse Dan examined the bite but sent Mr. Phelps back to his cell without testing or

treatment even though mouse bites can cause numerous infections. He told Warden Neal, Lieutenant McNeal, and Lieutenant Connelly of the mouse infestation, and they responded by giving him glue traps, which was an inadequate solution. He seeks money damages and injunctive relief.

Mr. Phelps says Warden Neal, Lieutenant McNeal, and Lieutenant Connelly have subjected him to unconstitutional conditions of confinement by not adequately addressing the mouse infestation. A court evaluating an Eighth Amendment conditions of confinement claim conducts both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." Id. Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). However, "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), and inmates cannot expect the "amenities, conveniences, and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988). Given the favorable inferences to which Mr. Phelps is entitled at this stage of the proceedings, the complaint states a plausible claim on which relief can be granted against Warden Neal, Lieutenant McNeal, and Lieutenant Connelly.

Mr. Phelps also asks to be reassigned to a housing unit with sanitary conditions. "The PLRA circumscribes the scope of the court's authority to enter

an injunction in the corrections context. When prison conditions violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012). Therefore, injunctive relief, if granted, will be limited to ordering the defendants to remedy the housing conditions to the extent required by the Eighth Amendment. Mr. Phelps may proceed on the injunctive relief claim against Warden Neal in his official capacity.

Mr. Phelps also asserts a claim against Nurse Dan for violating his Eighth Amendment rights by refusing to treat the mouse bite or test him for infections. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Based on these allegations, the complaint states a plausible Eighth Amendment claim of deliberate indifference to serious medical needs on which relief can be granted against Nurse Dan.

For these reasons, the court:

(1) GRANTS Cody W. Phelps leave to proceed against Warden Neal, Lieutenant McNeal, and Lieutenant Connelly on an Eighth Amendment claim for

money damages for subjecting him to unconstitutional conditions of confinement by refusing to adequately address the mouse infestation in D cell house at the Indiana State Prison;

(2) GRANTS Mr. Phelps leave to proceed against Nurse Dan on an Eighth Amendment claim for money damages for acting with deliberate indifference to his serious medical needs by refusing to treat his mouse bite in June 2018;

(3) GRANTS Mr. Phelps leave to proceed against the Warden Neal in his official capacity on a claim for injunctive relief to obtain the sanitary housing conditions to which he is entitled under the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Warden Neal, Lieutenant McNeal, Lieutenant Connelly, and Nurse Dan at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Neal, Lieutenant McNeal, Lieutenant Connelly, and Nurse Dan to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Cody W. Phelps has been granted leave to proceed in this screening order.

SO ORDERED on December 4, 2019

                                               s/ Robert L. Miller, Jr.
                                               JUDGE
                                               UNITED STATES DISTRICT COURT