UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CODY W. PHELPS, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-643-RLM-MGG |
| RON NEAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Cody W. Phelps, a prisoner without a lawyer, proceeds against Warden Neal, Lieutenant McNeal and Lieutenant Connelly on an Eighth Amendment claim for subjecting him to unconstitutional conditions of confinement by refusing to adequately address a mouse infestation and a related injunctive relief claim. He also proceeds against Nurse Daniel Lunde on an Eighth Amendment claim for acting with deliberate indifference to his serious medical needs by refusing to treat his mouse bite in June 2018. Nurse Lunde moved for summary judgment, arguing that Mr. Phelps didn't exhaust his administrative remedies because he didn't complete the grievance process with respect to the claim against him.

The defendants provided Mr. Phelps with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 31. The notice informed Mr. Phelps of the importance of filing a response. It advised that, unless he disputed the facts presented by Nurse Lunde, the court could accept those facts as true. See Fed.

R. Civ. P. 56(e). It further advised that a lack of response could result in the dismissal of his case. See Fed. R. Civ. P. 56(a). Nevertheless, Mr. Phelps didn't file a response.

In a declaration, Joshua Wallen, grievance specialist at the Indiana State Prison, attested that a grievance process is available to inmates and is explained to them at orientation. The grievance policy is also available to inmates at the law library. This policy sets forth a four-step grievance process. First, an inmate must attempt to informally resolve a complaint, typically by speaking to the staff member most directly associated with the complaint. If the inmate can't resolve the complaint informally, he may file a formal grievance with the grievance specialist. If an inmate is dissatisfied with the grievance specialist's determination on a formal grievance, he may file an appeal with the warden or his designee. Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. Id.

Mr. Phelps submitted a formal grievance on June 17, 2018 about a mouse infestation, unsanitary conditions, inadequate cleaning supplies, and inadequate ventilation. He complained that a mouse bit him in his cell and asked for a fan, cleaning supplies, medical treatment, and a change in policy. He appealed the grievance at the facility and department levels, but his grievance was denied.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners must exhaust available administrative remedies before filing lawsuits in federal court. 42 U.S.C. § 1997e(a). The court of appeals has taken a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

The grievance process is meant to alert officials to a problem so that action can be taken to remedy the problem. Maddox v. Love, 655 F.3d 709, 722 (7th Cir. 2011). Proper exhaustion of administrative remedies means that "the

grievances must contain the sort of information that the administrative system requires." Strong v. David, 297 F.3d 646, 649 (7th Cir. 2002). "When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." Id. at 650. "[T]he grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." Id.

Because the grievance procedure has no applicable requirements, the relevant question is whether Mr. Phelps's grievance sufficed to alert the grievance officer to the nature of his claim against Nurse Lunde for refusing to treat his mouse bite. Mr. Phelps's grievance focused on the conditions of his cell and listed several requests for relief. This list included a request for medical treatment, but the grievance doesn't suggest that Mr. Phelps had already met with medical staff and received an inadequate response. Consequently, Mr. Phelps didn't exhaust his administrative remedies with respect to his claim against Nurse Lunde, and the motion for summary judgment is granted. Mr. Phelps may proceed on his claims against the remaining defendants.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 28); and

(2) DISMISSES Nurse Daniel Lunde.

SO ORDERED on July 27, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT